PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANTONIO CORREA, Defendant and Appellant.

No. 3088. Argued February 18, 1927.—Decided March 18, 1927.

*Agustín E. Font* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is a case in which the defendant was convicted for carrying forbidden arms.

The appellant in his brief pleads the insufficiency of the evidence. The prosecution admits that fact and agrees to a reversal.

The government's evidence consisted only of the testimony of policeman Jaime González, the chief of the district, in which he stated that the defendant presented himself in his house with several friends and said that Juan de la Cruz was pursuing him and that he had had to kill him.

After this testimony the attorney for the defendant filed a motion for acquittal because the charge had not been proved. It seems that at first the lower court was convinced of the insufficiency of the policeman's evidence, for he was called a second time to testify and said that defendant admitted that he had killed Juan de la Cruz with a revolver. On the strength of this statement of the witness and the case of *People* v. *Rivera,* 35 P.R.R. 499, the court convicted the defendant and sentenced him to 30 days in jail.

The case of *People* v. *Rivera, supra,* is not applicable. The facts are different. The evidence in that case clearly proved that the defendant was carrying a *machete.* The defendant was seen carrying a *machete* when going to the house of Bonifacio Ramos. They had a quarrel and the defendant wounded Ramos with the *machete* outside of the house.

In the case now under consideration, although it is admitted that the defendant killed Cruz with a revolver,

nothing is shown as to the place and the manner of the killing. The killing of a man with a revolver does not establish the conclusive presumption that the killer carried the arm unlawfully. The act might have been committed with a weapon in the possession of the victim. The defendant might have received the weapon accidentally or made use of it inside of his own home. All the above, therefore, are probabilities involving matters of defense in this case, but the defendant is not bound to plead them if he does not deem it necessary. The burden of proof is on the prosecution to establish beyond any reasonable doubt the facts showing the crime.

The judgment appealed from must be reversed and the defendant acquitted.